**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TODD M. YUCHASZ,

        Plaintiff,                      CIVIL ACTION NO. 15-cv-13936

      v.                                 MAGISTRATE JUDGE MONA K. MAJZOUB

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

**OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [14] AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [18]**

Plaintiff Todd M. Yuchasz seeks judicial review of Defendant Commissioner of Social Security's determination that he is not entitled to social security benefits for his physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 14) and Defendant's Motion for Summary Judgment (docket no. 18). Plaintiff has also filed a reply brief in support of his Motion for Summary Judgment.[1] (Docket no. 19.) With consent of the parties, this case has been referred to the undersigned for final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Docket no. 15.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and is now ready to rule.

---

[1] Plaintiff's reply brief does not comply with Eastern District of Michigan Local Rule 7.1(d)(3)(B), as it exceeds the permitted length of seven pages; the Court has considered it nonetheless.

**I.      PROCEDURAL HISTORY**

Plaintiff protectively filed an application for a period of disability and disability insurance benefits on April 22, 2013, alleging disability beginning February 15, 2013, due to generalized anxiety disorder, non-alcoholic steatohepatitis, fatigue, morbid obesity, attention deficit disorder, panic disorder with agoraphobia, personality disorder NOS, depression, heavy metal exposure, autonomic neuropathy, and other disorders of the liver.  (TR 118-19, 132, 136.)  The Social Security Administration denied Plaintiff's claims on June 25, 2013, and Plaintiff requested a *de novo* hearing.  (TR 57-70, 77.)  On October 28, 2014, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) Janice L. Holmes.  (TR 27-56.)  In a February 9, 2015 decision, the ALJ found that Plaintiff was not entitled to benefits because he was capable of performing a significant number of jobs in the national economy.  (TR 10-22.)  The Appeals Council declined to review the ALJ's decision (TR 1-3), and Plaintiff commenced this action for judicial review.  The parties then filed cross motions for summary judgment, which are currently before the Court.

**II.     HEARING TESTIMONY AND MEDICAL EVIDENCE**

Plaintiff (docket no. 14 at 5-8), and the ALJ (TR 15-20) have set forth detailed, factual summaries of Plaintiff's medical record and the hearing testimony.  Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies between these recitations of the record.  Therefore, the undersigned will incorporate the factual recitations by reference.  Additionally, the undersigned will include comments and citations to the record as necessary throughout this Opinion and Order.

**III.    ADMINISTRATIVE LAW JUDGE'S DETERMINATION**

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of February 15, 2013, and that Plaintiff suffered from the following severe impairments: chronic liver disease, attention deficit disorder/attention deficit hyperactivity disorder (ADD/ADHD), affective disorders, and anxiety disorders. (TR 12.) Next, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 13-14.) The ALJ then found that Plaintiff had the following residual functional capacity (RFC):

> [T]he claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except: he can frequently climb ramps or stairs; never climb ladders, ropes or scaffolds; frequently balance, stoop, kneel[,] crouch and crawl. He needs to avoid exposure to hazards, such as unprotected heights, moving mechanical parts and operation of motor vehicles. He should have no contact with the general public and only occasional contact with co-workers.

(TR 14-21.) Subsequently, in reliance on the vocational expert's (VE's) testimony, the ALJ determined that Plaintiff was capable of performing a significant number of jobs in the national economy. (TR 21-22.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from February 15, 2013, through the date of the decision. (TR 10, 22.)

**IV.    LAW AND ANALYSIS**

    **A.    Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to

3

support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528.  It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility.  *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

B.  **Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis.  In the first four steps, Plaintiff was required to show that:

(1)  Plaintiff was not presently engaged in substantial gainful employment; and

(2)  Plaintiff suffered from a severe impairment; and

(3)  the impairment met or was medically equal to a "listed impairment;" or

(4)  Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f).  If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past

work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

### C. Analysis

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be remanded under sentence four because (1) the ALJ failed to properly consider the opinions of his treating physician and treating psychiatrist;

and (2) the ALJ impermissibly rejected the statement of Plaintiff's sister, Tina Rondeau. (Docket no. 14 at 10-19.)

It is well settled that the opinions of treating physicians are generally accorded substantial deference. In fact, the ALJ must give a treating physician's opinion complete deference if it is supported by clinical and laboratory diagnostic evidence and it is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). When an ALJ determines that a treating source's medical opinion is not controlling, he must determine how much weight to assign that opinion in light of several factors: (1) length of the treatment relationship and the frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; (5) specialization of the treating source; and (6) other factors. 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6).

There is no *per se* rule that requires an articulation of each of the six regulatory factors listed in 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6). *Norris v. Comm'r of Soc. Sec.*, No. 11-CV-11974, 2012 WL 3584664, at *5 (E.D. Mich. Aug. 20, 2012) (citing *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010)). An ALJ's failure to discuss the requisite factors may constitute harmless error (1) if "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it;" (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion;" or (3) "where the Commissioner has met the goal of [§ 1527(c)]—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation." *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470 (6th Cir. 2006) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)).

The Commissioner requires its ALJs to "always give good reasons in [their] notice of determination or decision for the weight [they] give [a] treating source's opinion." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson*, 378 F.3d at 544 (quoting SSR 96-2p, 1996 WL 374188, at *5 (1996)). The district court should not hesitate to remand when the Commissioner has failed to identify the weight assigned to a treating physician's opinion and provide good reasons for that weight. *See Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) ("This Court has made clear that '[w]e do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.") (citing *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009)).

Plaintiff treated with primary care physician Christa B. Williams, M.D. for his physical and mental impairments from February 2012 to July 2013. (TR 266-97, 331-42.) On August 19, 2013, Dr. Williams completed a medical statement form regarding Plaintiff's mental impairments and his claim for disability, on which she indicated that Plaintiff suffered from, among other things, generalized persistent anxiety; a persistent, irrational fear of a specific object, activity, or situation resulting in a compelling desire to avoid the dreaded object, activity, or situation; and recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror, and sense of impending doom occurring on the average of at least one a week. (TR 298-300.) Dr. Williams opined that Plaintiff had a marked restriction in activities of daily living; marked difficulties in maintaining social functioning; deficiencies in

7

concentration, persistence, or pace; repeated episodes of decompensation in work or work-like settings; and a complete inability to function independently outside his home. (TR 298-99.) Additionally, Dr. Williams opined that Plaintiff's impairments presented several functional limitations. (TR 299-300.) For example, Dr. Williams opined that Plaintiff was moderately impaired in his ability to understand, remember, and carry out detailed instructions; make simple work-related decisions; and accept instructions and respond appropriately to criticism from supervisors. Dr. Williams also opined that Plaintiff was markedly impaired in his ability to maintain attention and concentration for extended periods, to interact appropriately with the general public, and to maintain socially appropriate behavior. Dr. Williams further opined that Plaintiff's abilities to perform activities within a schedule, maintain regular attendance, complete a normal workday and workweek without interruptions from psychologically based symptoms, and respond appropriately to changes in the work setting were extremely impaired. Lastly, Dr. Williams made the following comment: "At this time there is no question in my mind that Mr. Yuchasz is disabled by his severe generalized anxiety disorder." (TR 300 (emphasis in original).)

Plaintiff also treated with psychiatrist Paul T. Rajasekhar, M.D. from July 2013 to April 2014, for his mental impairments. (TR 323-25, 347-50, 363-66, 376-81, 421-23.) On March 31, 2014, Dr. Rajasekhar completed a medical statement form substantially similar to the one completed by Dr. Williams, on which he indicated that Plaintiff suffered from, among other things, generalized persistent anxiety, autonomic hyperactivity, apprehensive expectation, recurrent obsessions or compulsions, and recurrent and intrusive recollections of a traumatic experience. (TR 384-86.) Dr. Rajasekhar opined that Plaintiff exhibited a marked restriction in activities of daily living; an extreme difficulty in maintaining social functioning; deficiencies of

concentration, persistence, or pace; and repeated episodes of decompensation. (TR 384.) Additionally, Dr. Rajasekhar opined that Plaintiff's impairments presented several functional limitations. (TR 385-86.) For example, Dr. Rajasekhar found that Plaintiff was moderately impaired in his ability to remember locations and work-like procedures, and to understand, remember, and carry out very short and simple instructions. He opined that Plaintiff's abilities to understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods; sustain an ordinary routine without special supervision; make simple work-related decisions; and ask simple questions or request assistance were markedly impaired. Dr. Rajasekhar further opined that Plaintiff's abilities to perform activities within a schedule, maintain regular attendance, work in coordination and proximity with others, complete a normal workday and workweek without interruptions from psychologically-based symptoms, interact appropriately with the general public, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and respond appropriately to changes in the work setting were extremely impaired. Lastly, Dr. Rajasekhar checked "yes" next to the following pre-printed statement: "In my opinion, after a review of my file, Todd Yuchasz has been disabled and unable to work since February, 2013." (TR 386.)

The ALJ discussed Dr. Williams and Dr. Rajasekhar's treatment notes and opinions and rendered the following assessment:

> Limited weight is accorded to the opinions provided by the claimant's primary care physician and psychiatrist as discussed below. Both of these opinions consisted primarily of circling answers and making check marks on pre-printed forms provided by the claimant's representative.
>
> . . . [With regard to Dr. Williams's opinion, t]he ultimate issue of disability is a medical-vocational determination reserved for the Commissioner (SSR 96-5p). Limited weight is accorded to this opinion, which [] appears to be primarily based on the claimant's subjective self-reports. I also note that Dr. Williams is not a specialist in the mental health field.

9

> . . . Dr. Rajasekhar did not offer any personal commentary regarding the claimant's impairments, abilities or limitations. (Exhibit 13F). Limited weight is accorded to this opinion. While difficulties impacting the claimant's work related abilities have been established, even this report does not appear to preclude the claimant's ability to follow short, simple instructions, as permitted under the residual functional capacity assessment. Once again, the ultimate issue of disability is a medical-vocational determination reserved for the Commissioner (SSR 96-5p).

(TR 19-20.)

The reasons cited by the ALJ for discounting Dr. Williams and Dr. Rajasekhar's opinions are certainly common, legitimate reasons used by ALJs in discounting medical opinions, and they touch on some of the regulatory factors, such as the supportability of the opinion and the specialization of the treating source. In this case, however, the ALJ's assertion that Dr. Williams's opinion appears to be based on Plaintiff's subjective self-reports is wholly conclusory, and it lacks any substantive basis or supporting explanation of the evidence upon which the Court can conduct a meaningful review. Additionally, the ALJ's finding that Dr. Rajasekhar's report does not appear to preclude Plaintiff's ability to follow short, simple instructions is directly contradicted by Dr. Rajasekhar's reported opinion that Plaintiff's ability to understand, remember, and carry out very short and simple instructions is moderately impaired. (*See* TR 385.) Consequently, these two reasons provided by the ALJ for discounting Dr. Williams and Dr. Rajasekhar's opinions do not constitute good reasons under the regulations.

The ALJ did properly discount Dr. Williams and Dr. Rajasekhar's opinions that Plaintiff is totally disabled, as the ultimate issue of disability is reserved to the Commissioner, not the treating or examining physician. *Kidd v. Comm'r*, 283 F. App'x 336, 341 (6th Cir. 2008). Thus, when a medical or non-medical source offers an opinion on "an issue reserved to the Commissioner, such as whether the claimant is disabled, the ALJ need not accord that opinion

controlling weight." *Id.* (citing *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007)). Nevertheless, the ALJ is required to give Dr. Williams and Dr. Rajasekhar's opinions regarding Plaintiff's functional limitations controlling weight if they are supported by clinical and laboratory diagnostic evidence and are not inconsistent with the other substantial evidence in the record. *See* 20 C.F.R. § 404.1527(c)(2). The ALJ did not assign controlling weight here, and her decision is completely devoid of any discussion or analysis of how Dr. Williams and Dr. Rajasekhar's opinions relate to the record evidence in terms of supportability and consistency, or otherwise. The ALJ has therefore failed to sufficiently explain or provide good reasons for her determination that Dr. Williams and Dr. Rajasekhar's opinions regarding Plaintiff's functional limitations are not entitled to complete deference. This is a reversible error, and the circumstances necessary under *Nelson* for the ALJ's error to be rendered harmless do not exist here. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407-08, 409 (6th Cir. 2009). Accordingly, remand of this matter for a proper assessment of Dr. Williams and Dr. Rajasekhar's opinions is warranted.

Because the assessment of the medical and non-medical opinion evidence will potentially change upon remand, and in the interests of judicial economy, Plaintiff's remaining claims of error will not be considered.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [14] is **GRANTED**, and Defendant's Motion for Summary Judgment [18] is **DENIED**. This matter is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a proper assessment of Dr. Williams and Dr. Rajasekhar's opinions in accordance with the treating physician rule.

Dated: March 9, 2017     s/ Mona K. Majzoub
                         MONA K. MAJZOUB
                         UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated:  March 9, 2017                                  s/ Lisa C. Bartlett                    
                                                                   Case Manager